**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 08—80894 CIV
Hurley/Hopkins**

NYE LAVALLE,

      Plaintiff,

v.

ONE BUCKHEAD LOOP CONDOMINIUM
ASSOCIATION, INC., EDWARD D. JARRETT,
JOSEPH GRENUK, MARK ALLEN, MONICA WILLIAMS,
LANA CAMERON, TOM RAYSIDE,
JIM DEUPREE, JOHN REINKING, MARLYS BROTHERS,
JOHN DOES 1 through 6; JANE ROES 1 through 6, and
UNKNOWN DOE CORPORATIONS 1 through 6,
The last eighteen fictitious names, the real names of said
Defendants presently unknown to plaintiff, said
Fictitious names being intended to designate persons and/or
Entities who are acting or who have acted in concert with
The defendants

      Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT-MOVANTS,
ONE BUCKHEAD LOOP CONDOMINIUM ASSOCIATION, INC.
AND EDWARD D. JARRETT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW**

      COMES NOW, Defendant-Movants, One Buckhead Loop Condominium Association,

Inc. ("OBL") and Edward D. Jarrett, by and through undersigned counsel and files this their

Memorandum of Law in Support of OBL and Ed Jarrett's Motion to Dismiss, as follows:

**I.**      **FACTS**

      In an erroneous attempt to allege jurisdiction in the State of Florida, Plaintiff makes

numerous allegations that are patently false.  Plaintiff falsely alleges that "Events complained of

herein took place in Palm Beach County, Florida" even though all the acts took place in Georgia. Complaint ¶3. There is no doubt that Plaintiff makes these false allegations even though Plaintiff knows that the "events" took place in Georgia, not Florida.

### A.    Allegations of Personal Jurisdiction

Plaintiff essentially quotes Fla.Stat. § 48.193, in alleging that "Defendants":

a. Committed numerous tortuous acts within this state and in the county of Palm Beach;
b. Operated, directed and engaged in Florida, with other Florida corporations the fraudulent Utility Billing enterprise described below and herein;
c. Directed the unlawful collection of debts with such collection and billing activities emanating from the State of Florida;
d. Directed the unlawful collection of debts to the Plaintiff within the state of Florida for actions taken both inside and outside the state;
e. Caused injury to the Plaintiff and his property within the State of Florida for actions taken both inside and outside the state;
f. Defendants, their agents and representatives were engaged in solicitation and service activities within the State of Florida; and
g. Defendants, their agents and representatives were engaged in ongoing and substantial business activities in the state, which were not isolated engagements.

Complaint ¶5.

### B.    Defendants are Georgia Residents and a Georgia Corporation

Plaintiff acknowledges in his Complaint that OBL is a Georgia non-profit corporation. Its principal place of business at 3334 Buckhead Loop, Atlanta, Georgia (¶15). Defendants, Joseph Grenuk (¶16), Edward Jarrett (¶17), Mark Allen (¶ 8), Tom Rayside (¶19), Monica Williams (¶ 20), Jim Deupree (¶ 21), Lana Cameron (¶22), John Reinking (¶23), and Marlys Brothers (¶24) are all residents of the State of Georgia.[1]

### C.    Defendants' Response to The Hollow Allegations of Personal Jurisdiction

Contrary to the allegations made by Plaintiff, none of the Defendants "committed numerous tortuous acts within [Florida] and in the County of Palm Beach (¶15). While it is true that OBL entered into a contract with a company whose main office is in Florida to handle

---

[1] Jim Deupree is a resident of North Carolina not Georgia.

utility service billings for OBL, the purpose of the contract was to bill each resident for  utility services provided to the condominium and common areas in Georgia.  Any participation in connection with the utility services billing by OBL would have taken place in Georgia, not Florida.   If  Plaintiff wanted to sue the utility billing company in Florida, he may have jurisdiction over that company in Florida.  Whether the utility service billing company is based in Florida does not, however, confer jurisdiction over the non-Florida companies or residents.

Defendants-Movants submit in support of the Motion to Dismiss affidavits refuting the allegations asserted in Plaintiff's Complaint that purportedly support jurisdiction.  See Exhibit A* through I for affidavits submitted by each of the named Defendants.  Except for OBL and Ed Jarrett, none of the other Defendants have been served with the Complaint and do not wish to waive the requirement that they be served with the Complaint.  They are submitting affidavits so that it is beyond doubt that Florida does not have jurisdiction.

Plaintiff's Complaint is full of empty allegations made against all "Defendants" *in globo*. As an example, Plaintiff asserts:

> Defendants created, approved, made and directed harassing and collection phone calls to Plaintiff in Palm Beach County, Florida. [Complaint ¶8.]
> Defendants made and directed extortionate e-mails, letters, demand letters, and notices of foreclosure to the Plaintiff in Palm Beach County, Florida in which many of the acts complained of below, were committed.  [Complaint ¶9.]
> Defendants made and directed bills and invoices to the Plaintiff's trustees in Palm Beach County, Florida.  [Complaint ¶10.]

Despite Plaintiff making these general allegations, the Complaint is devoid of any specifics concerning when Defendants made phone calls to Plaintiff or what letters were mailed

_____

*Due to Tropical Storm Fay, delivery of the executed affidavits has been delayed.  Defendant-Movant will supply the affidavits immediately upon receipt.

to Plaintiff in Florida.  A closer look at Plaintiff's Complaint and the actual exhibits provided by Plaintiff reveal that Plaintiff's jurisdiction allegations are contradicted by Plaintiff.  Upon reading the Complaint, it is evident that Plaintiff's Complaint generally describes allegations of wrongdoing by a  Georgia homeowner's association and Georgia residents.  The focal point of the alleged dispute stems from a utility billing practice instituted in connection with a condominium building located in Atlanta, Georgia.  Florida has nothing to do with this dispute.[2]

The role of each Defendant in the dispute with Plaintiff is one that most citizens in Florida are quite familiar.   Defendants Allen, Rayside, Williams, Deupree, Cameron, Reinking and Marlys Brothers (collectively referred to hereinafter as the "Board Members") are all current or former members of the Board of  Directors in OBL.     Complaint ¶56; See also Exhibit A* through I.  As a non-profit corporation incorporated and with a principal place of business in the State of Georgia, OBL is governed by the Georgia Condominium Act.  See O.C.G.A. § 44-3-71; see also Complaint ¶61 and Exhibit A*.   The crux of Plaintiff's Complaint is the propriety of actions taken by the Defendant Association, the Property Manager and the Board of Directors. [3] See Complaint ¶60.   The propriety of those actions would be governed by the Georgia Condominium Act and Georgia law governing non-profit corporations and the condominium governing documents which would include the Declarations; Articles of Incorporation and By-Laws.  See O.C.G.A. §44-3-71; see also complaint ¶61 and Exhibit A*.  Every action taken by any of the Defendants concerned   OBL  and the condominiums where the individual board

---

[2] In fact, Plaintiff does not even own the condominium.  See Complaint ¶51-53; also see Exhibit A, Jarrett affidavit. Plaintiff is merely a resident in a condominium in the building that is owned by the Gladys Duffy Pew GST Exempt Trust (the "Trust").  Complaint ¶652-53; see also Exhibit A.  Although it is not a subject of his motion, the Defendants-Movants question whether Plaintiff, as a non-owned of the condominium, even has standing to bring this lawsuit.

[3]  As set forth in the affidavit of Joseph Grenuk, he did lease Plaintiff storage space in Georgia.  In connection with this private arrangement Joseph Grenuk, as instructed by Plaintiff, did contact Plaintiff in Florida.  See affidavit attached as Exhibit B.  Issues between Plaintiff and Defendant, Joseph Grenuk, concerning the storage space is not the subject of this Complaint nor would this situation create jurisdiction in Florida.

members lived and where Ed Jarrett worked.  Nothing any of them did had any relationship whatsoever to Florida.

> ### D.   Contrary to Plaintiff's Complaint all Written Communications At Issue Were All Sent to Georgia

Plaintiff alleges that "Defendants mailed fraudulent invoices to Plaintiff…" and references Exhibit 4 as evidence of this allegation.  Complaint ¶68.  As is clearly indicated in the document attached to Plaintiff's Complaint, Exhibit 4 is a bill addressed to an individual named Brent Sobol, 3491 Buckhead Loop NE Apt. 1507, <u>Atlanta, Georgia</u> 30326.  Moreover, as indicated in the document, the bill was from Viterra Energy Services, not from the OBL.  Obviously then Exhibit 4 does not support in jurisdiction in Florida  or any of the Defendants..

Plaintiff alleges that "on 5/26/05 lawyers for OBL not only sent Plaintiff a demand for payment neither he nor his trust ever owed, but also unlawfully captioned the letter stating that a lawsuit had been filed against the Plaintiff by OBL."  Complaint ¶79.  Plaintiff references Exhibit 5 as evidence of that statement.  As is clearly indicated in the document attached by Plaintiff as Exhibit 5, the letter was addressed to Nye Lavalle, 3491 Buckhead Loop #207, <u>Atlanta, Georgia</u> 30326.  This letter demonstrates again that any actions were directed to Mr. Lavalle in Georgia and not in Florida.  Plaintiff claims that "[t]hese acts were violations of the Federal Debt Collection Practices Act" ("FDCPA").  Complaint ¶80.  While Defendants dispute that this letter violates FDCPA or that FDCPA applies to the Defendants, it is clear that this letter, as it was sent to  a Georgia address, does not support jurisdiction in Florida.

Plaintiff alleges that Defendant Ed Jarrett sent a  letter attached as Exhibit 8 on or about June 14, 2006 that "demanded that Plaintiff pay the Association $9,645.25."  Complaint ¶146.  As is clearly indicated in the attached document, the letter was addressed to Nye Lavalle, 3491

Buckhead Loop #207, <u>Atlanta</u>, <u>Georgia</u> 30326.  Obviously, a letter sent from Georgia to an address in Georgia does not support jurisdiction in Florida.

Plaintiff alleges:

> "On or about October 18, 2006, despite demands for over $10,000 in the immediate months, Defendant's new accounting firm sent Plaintiff an invoice (Exhibit 16) in his personal name showing that he and the account for the Condo only owed $557.00 and nothing was past due for the prior 90 days."

Complaint ¶189.  As is clearly indicated on the  document to Plaintiff's Complaint, the invoice was sent to Nye Lavalle, 3491 Buckhead Loop Unit 207, <u>Atlanta</u>, <u>Georgia</u> 30326. Again, this letter can not support jurisdiction in Florida.

Plaintiff alleges: "In an effort to silence Plaintiff, Defendants did create and then approve the rule attached as Exhibit 20 in a resolution which violated the rights of the Plaintiff." Complaint ¶260.  As is clearly indicated in Exhibit 20 to Plaintiff's Complaint, the letter concerning the resolution was addressed to Mr. Stephen E. Pew, 678 E. Gull Lake Drive, Augusta, Michigan 49012.  Furthermore, the letter refers to an Executive Session of the Board of Directors which would have taken place in <u>Georgia.</u>  As the letter states, the actions taken by the Board of Directors, a meeting, concerned contact between Mr. Lavalle and Mr. Jarrett in Georgia, not  contact in Florida.

### E.    Plaintiff has failed to allege or demonstrate that Defendants caused injury to the Plaintiff or his property in Florida

In support of jurisdiction over the Defendants, Plaintiff has asserted generally caused injury to the Plaintiff and his property within the State of Florida for actions taken  both inside and outside the State.  See Complaint ¶5.  However, nowhere in the Complaint does Plaintiff identify property in Florida.  Instead Plaintiff identifies a laundry list of complaints concerning the condominium in Georgia where he lives and certain fees OBL wants him to pay.  Thus,

contrary to the statement made by Plaintiff no action caused damage to Plaintiff's property in Florida.

## II.   STANDARD ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

As this is a suit against multiple defendants, a separate analysis is necessary for each party.  See *Acquadro v. Bergeron*, 851 So.2d 665, 671 (Fla. 2003).  As to each Defendant, the court must first determine whether the requirements of the applicable state statute governing personal jurisdiction are satisfied. *See Miami Breakers Soccer Club v. Women's United Soccer Association,* 140 F. Supp.2d 1325, 1327 (S.D. Fla. 2001). Second, the court must determine as to each defendant whether its exercise of personal jurisdiction meets the requirements of the *due process clause of the Fourteenth Amendment. See id.* (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000).  This requires the Court to inquire whether (1)  Defendant has established sufficient minimum contacts within the State of Florida; and (2) whether the exercise of jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice.  *International Shoe vs. Washington* 326 U.S. 310 (1945).  A federal court applying Florida's long-arm statute must do so as would the Florida Supreme Court. *See id. at 1328* (citing *Oriental Imports & Exports, Inc. v. Mauro & Curie's Bank, NAVE., 701 F.2d 889, 890 (11th Cir. 1983)).*

A plaintiff "seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts to show a *possibility* of jurisdiction." *Id.* (emphasis added) *Jet Charter Service, Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir. 1983). A plaintiff alleging personal jurisdiction must plead facts in the complaint that support the existence of personal jurisdiction over the defendant. *See id.* (citing *Future Tech, 218 F.3d at 1249*).  If a complaint pleads such facts, the burden shifts to the defendant to present "affidavits,

testimony or other documents to challenge the plaintiff's jurisdictional allegations." *Id.* A successful challenge on the defendant's part shifts the burden back to the plaintiff to provide similar information in support of the jurisdictional allegations. *See id.* When a plaintiff must present extraneous information to buttress the complaint's allegations of jurisdiction, the plaintiff bears a heavy burden of proving the existence of jurisdiction: "once a defendant has relied on affidavits, documents, or testimony to challenge the jurisdiction of the court, 'the burden is on the plaintiff to *prove* jurisdiction by affidavits, testimony or documents." *Voorhees v. Cilcorp, Inc.*, 837 F. Supp. 395, 398 (M.D. Fla. 1993) (emphasis added) (citing *Jet Charter*, 907 F.2d at 1111)). In this case, Defendant-Movants and the other named Defendants who have not been served have submitted affidavits contesting jurisdiction. Thus, the burden has shifted to Plaintiff to prove jurisdiction. This is a burden Plaintiff cannot meet.

The Court should also review and consider the exhibits to the complaint because they are considered part of the complaint when ruling on a motion to dismiss. See *Southeast Med. Prods., Inc. v. Williams*, 718 So. 2d 306 (Fla. 2d DCA 1998). If an attached document to a complaint negates the pleader's cause of action, then dismissing the complaint is appropriate. *Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524 (Fla. 2d DCA 1990). In this case, the exhibits attached to the Complaint directly refute plaintiff's attempt to establish jurisdiction. Thus, standing alone, the Complaint, even without the affidavits, lead to only one conclusion, there is no jurisdiction in Florida over all of the Defendants.

## III.    LACK OF PERSONAL JURISDICTION

In Florida, a case-specific determination of long-arm jurisdiction requires a two-step inquiry: 1) whether the complaint alleges sufficient facts to bring the action within the ambit of Fla.Stat. § 48.193; and 2) whether sufficient 'minimum contacts' exist between the defendant and the forum state to satisfy constitutional due process requirements. *Venetian Salami Co. v.*

*Parthenais*, 554 So.2d 499 (Fla. 1989); see also *Homeway Furniture Co. of Mount Airy, Inc. v. Horne*, 822 So.2d 533, 536 (Fla. 2d DCA 2002).

### A.  There is No Basis for Personal Jurisdiction Under Florida's Long-Arm Statute

Plaintiff has filed suit against several defendants, but none have engaged in any of the actions required to invoke long-arm jurisdiction under § 48.193, which provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

   (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
   (b) Committing a tortuous act within this state.
   (c) Owning, using, possessing or holding a mortgage or other lien on any real property within this state.
   (d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
   (e) With respect to a proceeding for alimony, child support or division of property in connection with an action to dissolve marriage or with respect to an independent action for support of defendants, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabitating during that time or not.  This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
   (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

      1. The defendant was engaged in solicitation or service activities within this state; or
      2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade or use.

Defendants have demonstrated that plaintiff cannot satisfy the requirements needed to allow Florida to exercise long-arm jurisdiction pursuant to §48.193.  Edward Jarrett's affidavit

clearly establishes that the allegations in the complaint concern real property in Georgia and the actions taken by the defendants occurred in Georgia. (See Exhibit A*).

Defendants anticipate that plaintiff will claim that he was somehow damaged in Florida where he now resides. Plaintiff does not identify any property damaged by any action taken by any of the Defendants. While Defendants dispute that Plaintiff was damaged in Florida, the Florida long-arm statute does not apply merely because a Florida resident suffers damages. *Korman v. Kent*, 821 So.2d 408, 411 (Fla. 4th DCA 2002). "If the Legislature intended for this provision to encompass all tortious acts which were committed outside Florida, but ultimately have consequences here only because a Florida resident suffers damages, we believe it would be incumbent on the Legislature to make that statutory purpose clear in the plainest of language. *Id.*

As is obvious from the Complaint, Plaintiff makes baseless allegations that all "Defendants" committed various tortuous acts. Aside from the general language "mirroring" the language of the statue, which is rebutted by affidavit, there are no factual allegations establishing personal jurisdiction based upon Fla.Stat. § 48.193(a), (c)(e).

Plaintiff also cannot claim jurisdiction pursuant to Fla. Stat. §48.13(f), because this subsection of Florida's Long Arm Statute does not apply as there is no physical injury or property damage alleged. See *University of South Florida v. Sherman & Shalloway*, 1994 U.S.Dist. LEXIS 4793, 8 Fla.L.Weekly Fed. D 115 (M.D.Fla. 1994) ("Plaintiffs have not alleged physical injury or property damage, only economic damages, therefore, the injuries alleged in this case are insufficient to confer jurisdiction over Defendants under § 48.193(f)"); see also *Aetna Life & Casualty Co. v. Therm-O-Disc., Inc.*, 511 So.2d 992, 994 (Fla. 1987) (The Florida Supreme Court has held that a purely economic injury is insufficient to confer jurisdiction over a defendant).

The only question appears to be whether Defendants "commit[ted] a tortuous act within this state" based upon § 48.193(b) and *Wendt v. Horowitz*, 822 So.2d 1252 (Fla. 2002). Although plaintiff has claimed jurisdiction under §48.193(b) the facts as pled by plaintiff simply do not support plaintiff's claim. Plaintiff has not identified with any degree of specificity any action by any Defendants that were done in Florida which caused harm to plaintiff in Florida. As the affidavits provided by Mr. Jarrett and the other defendants establish the actions taken by the defendants were limited to real property in Georgia where, at times Plaintiff resided. *(See Exhibits A through I)*. All actions concern each of Defendants alleged dealings with plaintiff as it pertains to his rights and obligation to the OBL.

The Middle District of Florida has recently held that even greater contact with the State of Florida than what exists here was sufficient to meet the requirements of Fla.Stat. § 48.193. See *Einmo v. Aecom Government Services, Inc.*, 2007 U.S.Dist. LEXIS 63293 (M.D.Fla. 2007). In *Einmo*, the plaintiff filed suit against a number of defendants arising out of her former employment with one of the corporate defendants. The plaintiff had been an accountant residing in Winter Haven, Florida throughout her employment. She filed suit against a recruiting company ("AGS") that was incorporated in Delaware with a principal place of business in Texas. The plaintiff had been hired to perform work in the Middle East for a company named CSA, Ltd. During the recruiting process, AGS contacted the plaintiff via written, telephonic and e-mail communication while the plaintiff was in Florida. After a dispute with CSA, Plaintiff filed suit against CSA as well as AGS (as well as several other defendants) for: 1) violation of the Florida Whistle Blower Act, 2) Breach of Oral Contract, 3) Unpaid Wages, 4) Quantum Meruit and 5) Promissory Estoppel. AGS moved to dismiss for lack of personal jurisdiction and the motion was granted. The court held that the "collective activities of AGS do not demonstrate the

conduct or the carrying on of a business or business venture in the state for pecuniary benefit." *Id.* at 24; see also *Miller v. Berman*, 289 F.Supp.2d 1327 (M.D.Fla. 2003) (No long-arm jurisdiction under § 48.193 where the e-mail communication did not give rise to the cause of action). Thus, the Court found no jurisdiction and dismissed Plaintiff's Complaint. The alleged contact in this case is far less than the contacts in Einmo.

As there is no other basis for long-arm jurisdiction in Florida, this Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction. See *Charia v. Cigarette Racing Team, Inc.,* 583 F.2d 184, 187-88 (5th Cir. 1978) (holding that an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws); *Gulf Atlantic Transport Co. v. Offshore Tugs, Inc.,* 740 F. Supp. 823, 832 (M.D. Fla. 1990) (finding that non-resident defendants' alleged contacts in Florida, which included telephoning plaintiff in Florida, sending telex messages, being parties to a contract which was negotiated by telephone and allegedly accepted in Florida, sending daily reports to Florida and contacting plaintiff by radio in Florida, did not amount to "minimum contacts"); see also *Cauff Lippman & Co. v. Apogee Fin. Group, Inc.,* 745 F. Supp. 678, 682 (S.D. Fla. 1990) (one meeting in Florida, negotiations, and other communications insufficient to obtain personal jurisdiction).

**B.  Defendants Have No Minimum Contacts with Florida**

Even if plaintiff was able to establish long arm jurisdiction, he must still establish that personal jurisdiction meets the due process clause of the Fourteenth Amendment. This requires the plaintiff to demonstrate that each of the defendants have sufficient minimum contacts to justify jurisdiction in Florida. It is beyond any reasonable doubt that none of the named defendants have sufficient contact to justify jurisdiction in Florida.

A minimum contacts analysis requires three separate inquiries.  See *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 630 (11th Cir. 1996).  First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  *Id.*  Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws.  *Id.*  Third, the defendants' contacts within the forum state must be such that it should reasonably anticipate being haled into court there.  *Id.*; see also *Keston v. Firstcollect, Inc.*, 523 F.Supp.2d 1348 (S.D.Fla. 2007).

### 1.  Individual Defendants

Plaintiff does not claim that any in-person contact between Plaintiff and any of the named Defendants took place in Florida. Instead Plaintiff makes broad allegations against all Defendants, asserting that the Defendants communicated with Plaintiff in writing by sending letters to Plaintiff in Florida.  Not only does Plaintiff produce copies of any of the alleged letters but Defendants Jarrett, Grenuk, Allen, Rayside, Williams, Deupree, Cameron, Reinking and Brothers all specifically refute the general allegations made against them regarding alleged letters purportedly sent to Florida.  Indeed, they deny any written communications by them to Plaintiff.  Each of the individual defendants deny any communication with Plaintiff in their individual capacity.  Defendants Jarrett communicated with Plaintiff solely as the Property Manager of OBL.  To the extent, Defendants Grenuk, Allen, Rayside, Williams, Deupree, Cameron, Reinking and Brothers communicated with Plaintiff it would have been solely as members of the board  of  OBL.  Under these circumstances there is no basis for finding minimum contacts when communication was exchanged for the benefit of OBL.  See; *Leblanc v. NCO Financial Systems, Inc.*, 2008 U.S.Dist.LEXIS 27538 (M.D.Fla. 2008).

In *LeBlanc*, the plaintiff brought an action against a debt collector as well as four individual employees of the debt collector for violation of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. None of the employees worked or resided in Florida. Each of them had allegedly made telephone calls to the plaintiff, who resided in Florida. The court acknowledged that the plaintiff had met the requirements of Florida's long arm statute (Fla.Stat. § 48.193), but failed to meet the "more restrictive second prong involving due process concerns for minimum contacts and notions of fair play…" See *id.* at *10, 11. The court found that the three individual employees would not have reasonably anticipated being haled into court in Florida. The court further found that the corporate shield doctrine would apply to protect the individuals. *Id.* citing *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993) (holding that "it is unfair to force an individual to defend a suit brought against him personally in a form with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer."). The court held that "[e]mployees of a corporate debt collector placing calls or sending letters into the state for the benefit of their corporate employer should not be expected to be haled into Florida." *Leblanc*, 2008 U.S.Dist.LEXIS 27538 at *11.

The Middle District also found the minimum contacts were lacking in *Einmo* discussed more fully above. 2007 U.S.Dist.LEXIS 63293 at *32. The court reasoned that there was "no evidence that AGS purposefully aimed these contacts toward Florida or that such contacts occurred in Florida." *Id.* It does appear one defendant made a telephone call to a Florida reference; however, "communications such as those, standing alone, do not constitute sufficient contacts." See *Charia v. Cigarette Racing Team, Inc.,* 583 F.2d 184, 187-88 (5th Cir. 1978) (holding that an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking

the benefits and protection of the forum state's laws); *Gulf Atlantic Transport Co. v. Offshore Tugs, Inc.,* 740 F. Supp. 823, 832 (M.D. Fla. 1990) (finding that non-resident defendants' alleged contacts in Florida, which included telephoning plaintiff in Florida, sending telex messages, being parties to a contract which was negotiated by telephone and allegedly accepted in Florida, sending daily reports to Florida and contacting plaintiff by radio in Florida, did not amount to "minimum contacts"); *Groome v. Feyh,* 651 F. Supp. 251, 256 (S.D.Fla. 1986) (telephone calls and mailings did not constitute sufficient contacts). The court finally held that "the quality and nature of these activities fail to demonstrate that AGS purposefully availed itself of the privilege of conducting activities within Florida so as to invoke the benefits and protections of Florida law." *Einmo*, 2007 U.S.Dist. LEXIS 63293 at *33.

Plaintiff alleges that the Defendants' contacts relate to Plaintiff's cause of action. For the reasons stated above, that is not true and is contradicted by the allegations in the Complaint, the exhibits to the Complaint and the affidavits submitted by the Defendants. Plaintiff has made allegation after allegation about the individual Defendants' conduct. These allegations have been general in nature and uniform against all Defendants. The absence of any specifics demonstrates that Plaintiff cannot make any specific allegations that the actions of any individual was directed to Plaintiff in Florida or took place in Florida. Although Plaintiff makes claims of certain telephonic, e-mail and written communication with all Defendants, the exhibits to Plaintiff's Complaint run contrary to Plaintiff's meritless allegations. The only written "proof" of any communications as provided by Plaintiff consisted of mail sent from <u>Georgia</u> to a <u>Georgia</u> address. The generalized allegations against the individual Defendants are unrelated to the actual cause of action, which arises from the communication with Plaintiff. For all of the

reasons set forth above, Plaintiff fails to establish even the first element  of the required minimum contact analysis that any contacts in Florida must be related to the cause of action.

The second and third elements likewise fail to establish the required minimum contacts. Not one exhibit corroborates Plaintiff's allegation that the individual Defendants committed the acts alleged by the individual Defendants.  The second element of any minimum contacts analysis is that Defendants contacts with Florida must involve some purposeful availment of the privilege of conducting activities within Florida, thereby invoking the benefits and protection of its laws.  In this case there are no contacts by Defendants and any actions by Defendants were done to invoke the benefits and protections provided by Georgia not Florida law.

The third element is that Defendants contacts must be such that Defendants should reasonably anticipate being hauled into Court in Florida.  As the affidavits provided by each of the Defendants establish, no reasonable person sitting in Georgia would expect to find themselves being in Court in Florida over a dispute concerning condominiums in Georgia.

All exhibits attached to Plaintiff's Complaint and the affidavits supplied by the individual defendants show that all actions were taken in the name of  OBL.  The affidavits of the individual Defendants further establish that no action was taken outside of the interest of OBL. Put simply, neither Ed Jarrett,  as Property Managers nor the Board Members had any contact with Plaintiff in their individual capacities and therefore, jurisdiction over them in Florida would be legally improper.

### 2.  One Buckhead Loop Condominium Association ("OBL")

OBL also has no connection with Florida.  As a non-profit corporation, its only business is operating the condominium building in Georgia.  It conducts no business in Florida, owns no property in Florida nor employs anyone in Florida.  A corporate defendant may be said to have

purposefully directed its activity at the forum state   only "if it can be established that the defendant engaged in continuous and systematic activity in the jurisdiction or if it has a corporate agent in the forum."  *Einmo v. Aecom Government Services, Inc*., 2007 U.S.Dist. LEXIS 63293 at *29 (M.D.Fla. 2007) citing *International Shoe v. Washington*, 326 U.S.310,  317, 66 S.Ct.154, 90 L.Ed.95 (1945). However, where there is merely casual presence of a corporate agent or where the corporation merely engaged in a single or isolated activity and no cause of action relates to this activity, no personal jurisdiction can be exercised. Id. A defendant may not be haled into a jurisdiction as a result of mere "random," "fortuitous," or "attenuated" contacts. *Einmo*, supra; see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  In this case, not only is there no evidence of any "continuous, systematic activity by OBL  in Florida, there is no  evidence of any contact in Florida".

        The Association is a non-profit corporation that in essence manages the condominium for the mutual benefit of the Unit owners.  Plaintiff alleges that the Association (along with the other "Defendants") directed numerous emails, telephone calls and letters to Plaintiff that give rise to personal jurisdiction.  Noticeably absent for plaintiffs complaint is any copies of correspondence and specific reference by date or time any phone calls to Plaintiff with knowledge that he was in Florida.  According to Mr. Jarrett's affidavit attached as Exhibit A*, the Association, unless instructed by a particular unit owner to do otherwise, send all correspondence to the owners address at One Buckhead Loop Condominium.   As indicated in the documents attached to Plaintiff's Complaint, all correspondence was directed to Plaintiff at Plaintiff's condominium unit at OBL to an address in the State of Georgia.   No representatives, employees or board members of the Association communicated directly with Plaintiff in Florida.   Therefore, the

Association has no contact with the State of Florida and any contact with Plaintiff at Plaintiff's request would be characterized as random or fortuitous at best.

### C. Personal Jurisdiction Over Defendants Does Not Comport with Traditional Notions of Fair Play and Substantial Justice

Lastly before a Court can assert jurisdiction, the Court must be satisfied that exercising jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. *International Shoe vs. Washington,* 320 U.S. 310 (1945).

The factors to decide whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice are: 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the states in furthering fundamental substantive social policies. *Cronin v. Wash. Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993).

### 1. The Burden on Defendants is Substantial.

Defendants recognize prior cases acknowledging that improvements in communication and transportation have made it easier to defend a lawsuit in a foreign jurisdiction. *Keston v. Firstcollect, Inc.*, 523 F.Supp.2d 1348, 1355 (S.D.Fla. 2007) citing *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). However, it is worth noting that all individual defendants reside in Atlanta, Georgia and the individual plaintiff resided in Atlanta, Georgia during the majority of the acts complained of. Should this matter proceed to trial, eight individual defendants will need to travel to Palm Beach County, Florida, where they have no ties or property. The Court should also recognize that each of the defendants voluntarily serve on the Board. They are not paid and serving on the Board is not their primary vocation.

With regard to the  OBL, it resides in Atlanta, Georgia, is a non-profit corporation that will need to unnecessarily expend funds for a representative to travel to Palm Beach County to resolve a matter that arises exclusively from acts allegedly committed in Atlanta, Georgia. Again requiring the OBL, which limits its activities to Georgia, to defend itself in Florida, imposes an unfair burden on the OBL.

Perhaps the best way to see the absurdity of plaintiff's attempt to establish jurisdiction is at the logical application of plaintiff's jurisdictional theory to a Florida Condominium.  In Florida, it is not unusual for a condominium to have owners who reside in the condominium during the winter peak season.  These part time residents pay the same assessments and have the same rights and obligations as the full time residents.  Under Plaintiff's jurisdictional theory the Florida association and its Florida board members can find themselves defending lawsuits filed against them in any state where their part time residents reside even though they never step foot in that state.  If that was the case, who in their right mind would ever volunteer to sit on a condominium board?  The answer is obvious.

There is no question that Plaintiff's attempt to establish jurisdiction would place an unfair burden on the OBL, which is located in Georgia and the former Board members, all of whom reside in Georgia.  On this basis alone the Court should grant Defendants' Motion to Dismiss.

### 2.   The State of Florida has No Interest in Adjudicating this Dispute.

This is a dispute amongst individuals associated with a Georgia condominium building. As Plaintiff points out in his Complaint, the Association is a Georgia non-profit corporation governed by the Georgia Condominium Act.  The propriety of the utility billing will be based upon Georgia law.  The purported unlawful bills are only unlawful to the extent they were prepared in violation of Georgia law.  The interests of justice are best served by having a case

decided by the court in the state whose laws govern the interests at stake." See *Len Tran, Inc. v. Cal-Sungold, Inc.*, 2008 U.S.Dist.LEXIS 38102, * 8 (M.D.Fla. 2008).  As Georgia law will govern the propriety of the Defendants' acts, this action should be filed in Georgia.

Moreover, in addition to the application of law, Florida has no interest in adjudicating a dispute arising from letters sent from Georgia to a Georgia address.  The letters forming the basis for Plaintiff's claims were sent to a Georgia address.  Accordingly, the State of Florida has no interest in adjudicating this dispute.

### 3.  Plaintiff's Interest in Obtaining Convenient and Effective Relief

The discovery process in this case will take considerably longer given the location of all defendants in Atlanta, Georgia.  Plaintiff will need to travel to all depositions in Atlanta, Georgia.  In addition, Defendants will need to send a representative to Palm Beach County for any and all disputes that arise.  As Plaintiff is unrepresented by Florida counsel, this travel will likely be frequent.

### 4.  The Interest of the Interstate Judicial System Weighs Highly Against Litigation in Florida.

Venue is appropriate for all parties in Atlanta, Georgia.  There is no venue as to any of the Defendants in Palm Beach, County, Florida.  It is highly inefficient to litigate several hundred miles away from a jurisdiction where: 1) all property at issue is located, 2) all defendants reside, 3) all alleged acts were committed, and 4) all alleged communications were directed.  Simply put, the only component of this case in Palm Beach County is the plaintiff.

### 5.  Interest in Fundamental Social Policies in Non-Existent.

The State of Florida has no interest in the social policies of a condominium association in Georgia.  In addition, the State of Florida has no interest in the application of Georgia law to condominiums located in Georgia.

### 6.    Pending Litigation

Another factor which this Court should consider is that the Defendant-Movants are already in litigation with either Plaintiff or the owner of the condominium unit 207 in the State of Georgia.  OBL is currently in litigation with Gladys Duffy Pew GST Exempt Trust over past due assessments.  That case is captioned *One Buckhead Loop vs. Stephen E. Pew, Trustee of the Gladys Duffy Pew Estate,* Superior Court of Fulton County, Case No. CAFN2007-CV-134206 and is pending in Georgia State Court in Fulton County.  See Exhibit A*.  Edward Jarrett has filed and obtained a restraining order against Plaintiff as a result of certain threats Plaintiff has made against Mr. Jarrett.  A copy of the restraining order is attached hereto as Exhibit J*.

The fact that there is already litigation between these parties further demonstrates that this case belongs in Georgia, not Florida.

### CONCLUSION

Florida's long-arm statute does not confer jurisdiction over Defendant-Movants, One Buckhead Loop Condominium Association, Inc. and Edward D. Jarrett..  Furthermore, Defendant-Movants do not have the minimum contacts with Florida necessary to meet the requirements of due process necessary for personal jurisdiction.  Finally, personal jurisdiction over Defendant-Movants does not comport with traditional notions of fair play and substantial justice.  Therefore, this court should dismiss Plaintiff's Complaint for lack of personal jurisdiction over Defendant-Movants.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____/s/_____

Craig S. Hudson.
Florida Bar No.: 27940
1 East Broward Boulevard
Suite 500
Ft. Lauderdale, Florida 33301
(954) 847-4920
(954) 627-6640 (facsimile)
cshudson@mdwcg.com
Attorneys for Defendants, One Buckhead
Loop Condominium, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

_____/s/_____

Craig S. Hudson

**Service List**

Nye Lavalle
10675 Pebble Cove Lane
Boca Raton, Florida 33498
22/179082.v1